UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ERWIN JOSUE M.L.,[1]<br>Petitioner,<br>v.<br>WARDEN OF THE MESA VERDE ICE PROCESSING CENTER, et al.<br>Respondents. | No. 1:26-cv-01049-TLN-CSK<br>A# 246-560-128<br>**RELEASE ORDER** |

This matter is before the Court on Petitioner Erwin Josue M.L.'s ("Petitioner") First Amended Petition for Writ of Habeas Corpus (ECF No. 25), Motion to Enforce Temporary Restraining Order ("TRO") (ECF No. 21), and Motion for TRO (ECF No. 22). Respondents filed a response to the Motion to Enforce TRO. (ECF No. 24.) For the reasons set forth below, Petitioner's First Amended Petition for Writ of Habeas Corpus is GRANTED and his Motion to Enforce TRO and Motion for TRO are DENIED as moot.

[1] The Court omits Petitioner's full name to protect sensitive personal information. *See* Memorandum re: Privacy Concern Regarding Social Security and Immigration Opinions, Committee on Court Administration and Case Management, Judicial Conference of the United States (May 1, 2018), https://www.uscourts.gov/sites/default/files/18-cv-l-suggestion_cacm_0.pdf.

## I. Factual and Procedural Background

The Court incorporates in full the factual and procedural background as set forth in its May 7, 2026 Order in this case. (ECF No. 19.) That Order enjoined and restrained Respondents from continuing to detain Petitioner for more than seven days "without a statutorily compliant custody review pursuant to 8 U.S.C. § 1231(a) and 8 C.F.R. § 241.4(d)" and ordered Respondents to show cause why Petitioner's petition for writ of habeas corpus should not be granted. (*Id.* at 8–9.) On May 12, 2026, Respondents filed a notice certifying compliance with those statutory and regulatory provisions and responding to the show cause order. (ECF No. 20.)

The next day, Petitioner filed a document entitled "Supplemental Briefing" which the Court construed as a motion to enforce the TRO issued in its May 7, 2026 Order. (ECF Nos. 21, 22.) The Court ordered Respondents to file a response. (ECF No. 23.) On July 29, 2026, Petitioner filed a motion for TRO. (ECF No. 23.) Because the motion raised new claims not articulated in the original petition for writ of habeas corpus, the Court permitted Petitioner to file an amended petition within five court days and ordered Respondents to file an answer to that petition within seven court days (that is, by August 7, 2026). (ECF No. 23.)

Respondents filed an opposition to the motion to enforce TRO on August 5, 2026. (ECF No. 24.) Petitioner filed a First Amended Petition for Writ of Habeas Corpus the following day. (ECF No. 25.) Respondents did not file a timely response to the First Amended Petition or seek an extension to do so. Accordingly, the Court considers it unopposed.[2] *See* E.D. Cal L.R. 230(c) ("A failure to file a timely opposition may also be construed by the Court as a non-opposition to the motion.").

## II. Standard of Law

The Constitution guarantees the availability of the writ of habeas corpus "to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., art. I, § 9, cl. 2). "The essence of habeas corpus is an attack by a person in

---

[2] While the Court considers the First Amended Petition as unopposed, the Court has considered all arguments raised by Respondents on the record in issuing its ruling. (ECF Nos. 6, 10, 12, 16, 20, 24.)

custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973). A writ of habeas corpus may be granted to a petitioner who demonstrates that he is in custody in violation of the Constitution or federal law. 28 U.S.C. § 2241(c)(3). Historically, "the writ of habeas corpus has served as a means of reviewing the legality of Executive detention, and it is in that context that its protections have been strongest." *I.N.S. v. St. Cyr*, 533 U.S. 289, 301 (2001). Accordingly, a district court's habeas jurisdiction includes challenges to immigration detention. *See Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

## III. ANALYSIS

In his First Amended Petition, Petitioner challenges his continued detention as violating the Fifth Amendment's Due Process Clause pursuant to *Zadvydas*, 533 U.S. 678, because he has been held in immigration detention for longer than six months and his removal is not significantly likely in the reasonably foreseeable future.[3] (ECF No. 25 at 15–16.) As noted above, Respondents did not answer the First Amended Petition.[4]

The Fifth Amendment prohibits government deprivation of an individual's life, liberty, or property without due process of law. U.S. Const. amend. V; *Hernandez v. Sessions*, 872 F.3d 976, 990 (9th Cir. 2017). The Due Process Clause applies to all "persons" within the borders of

---

[3] Petitioner also alleges that his detention violates his procedural and substantive due process rights. (ECF No. 25 at 24.) Finding relief warranted on Petitioner's prolonged detention claim, the Court declines to address Petitioner's other claims in favor of judicial economy.

[4] Respondents filed a response to Petitioner's Motion to Enforce TRO, arguing that they provided adequate process under 8 U.S.C. § 1231(a) and 8 C.F.R. § 241.4(d), and thus complied with the Court's Order. (ECF No. 20.) Because the Court finds relief merited on Petitioner's prolonged detention claim, it is denying the Motion to Enforce TRO as moot. The only other argument on the record against the relief Petitioner seeks here is the argument Respondents raised in opposition to Petitioner's original habeas petition that Petitioner is subject to mandatory detention as an "applicant for admission" under 8 U.S.C. § 1225(b)(2). (ECF No. 6.) The Ninth Circuit recently rejected this construction of the statute. *Rodriguez Vazquez v. Bostock*, No. 25-6842, 2026 WL 2196424 (9th Cir. July 30, 2026). The mandatory detention scheme of 8 U.S.C. § 1225(b)(2) applies only to noncitizens entering the United States at the border. *Id.* at *10. In contrast, individuals like Petitioner who are "present without admission who are apprehended in the interior of the United States," are subject to discretionary detention under 8 U.S.C. § 1226(a) and entitled to a bond hearing before an immigration court. *Id.* at *3.

the United States, regardless of immigration status. *Zadvydas*, 533 U.S. at 693. These due process rights extend to immigration proceedings and detention. *Id.* at 693–94.

8 U.S.C. 1231(a) ("§ 1231(a)") governs detention of a noncitizen after a final order of removal has been issued. This statute provides that once a removal order is final, the Government must "remove the [noncitizen] from the United States within a period of 90 days," 8 U.S.C. § 1231(a)(1)(A). During the initial 90-day removal period, the Government shall detain the noncitizen. *Id.* § 1231(a)(2). However, under § 1231(a)(6), certain noncitizens may be detained for more than 90 days if the Attorney General determines them to be a risk to the community or unlikely to comply with the order of removal.

In *Zadvydas*, the Supreme Court recognized a presumptively reasonable six-month period of detention after a removal order has been issued. *Zadvydas*, 533 U.S. at 701. Additionally, "for detention to remain reasonable, as the period of prior postremoval confinement grows, what counts as the 'reasonably foreseeable future' conversely would have to shrink." *Id.*

However, as with all presumptions, the *Zadvydas* presumption of reasonableness is rebuttable. "*Zadvydas* . . . held that, since interpreting the statute to authorize indefinite detention (one plausible reading) would approach constitutional limits, the statute should be read (in line with the other plausible reading) to authorize detention only for a period consistent with the purpose of effectuating removal." *Clark v. Martinez*, 543 U.S. 371, 384 (2005) (citing *Zadvydas*, 533 U.S. at 697–99) (emphasis in original). If the presumptive period concludes or the presumption is rebutted, "once the [noncitizen] provides good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future, the [g]overnment must respond with evidence sufficient to rebut that showing." *Zadvydas*, 533 U.S. at 701.

The Court previously found that Petitioner, who conceded he was subject to a reinstated order of removal, was in the post-removal period and ordered Respondents to comply with their own regulations mandating custody reviews under those circumstances. (ECF No. 19.) As of the filing of the First Amended Petition for Habeas Corpus, Petitioner had been held in immigration detention for nearly seven months. (ECF No. 25.) Thus, the Court finds that he is no longer

within the presumptively reasonable six-month period[5] recognized by the Supreme Court in *Zadvydas*. *See Kim Ho Ma v. Ashcroft*, 257 F.3d 1095, 1102 n.5 (9th Cir. 2001) (describing the *Zadvydas* presumptive period as a "detention period of *six months* after a final order of removal—that is, *three months* after the statutory removal period has ended") (emphasis in original).

The burden to show that Petitioner can be removed in the reasonably foreseeable future therefore shifts to Respondents. Respondents have provided no evidence to meet this burden, whether in the form of travel documents for Petitioner, confirmation that his native country is willing to accept him, or otherwise. *See, e.g.*, *Elshourbagy v. Bondi*, 817 F. Supp. 3d 1102, 1110 (W.D. Wash. 2025) ("There is no evidence that steps have been taken to obtain a Ugandan travel document for Petitioner, that Uganda has any interest in accepting Petitioner, or even that there has been any communication with Uganda regarding Petitioner at all."); *Nguyen v. Scott*, 796 F. Supp. 3d 703, 725 (W.D. Wash. 2025) ("Courts in this circuit have regularly refused to find Respondent's burden met where Respondent has offered little more than generalizations regarding the likelihood that removal will occur."). Further, Petitioner points out that removal to his native country is not significantly likely in the reasonably foreseeable future because he is seeking review of his order of removal in the Ninth Circuit which will delay any efforts to remove him. (ECF No. 25 at 15–16.)

For these reasons, the Court finds there is not a significant likelihood of Petitioner's removal in the reasonably foreseeable future and thus his continued detention violates the requirements of due process as set forth by the Supreme Court in *Zadvydas*.

---

[5] There is a lack of clarity on when, precisely, a reinstated order of removal becomes "administratively final," and, consequently, a lack of clarity on when the removal period begins and ends. *See Johnson v. Guzman Chavez*, 594 U.S. 523, 557 (2021) (J. Breyer, dissenting) ("If the majority is right, in the case of most respondents, the 90-day removal period began long before the [noncitizens] left the country, let alone returned. Did the 90-day removal period begin to run at that earlier time? Did it run and then terminate? Is there now no removal period?"). Because the *Zadvydas* presumptive period is tied to the conclusion of the removal period, this distinction can make a meaningful difference. In the instant case, however, the question is academic as the order of removal became administratively final at the latest when Respondents arrested Petitioner to execute it on January 12, 2026. (ECF No. 19 at 2.) Thus, the removal period elapsed, at the latest, 90 days after Petitioner's detention began.

## IV. Conclusion

For the foregoing reasons, the Court GRANTS the First Amended Petition for Writ of Habeas Corpus (ECF No. 25) and DENIES the Motion to Enforce TRO (ECF No. 21) and Motion for TRO (ECF No. 22) as moot.

1. Respondents must IMMEDIATELY RELEASE Petitioner Erwin Josue M.L. (A# 246-560-128) from custody on an order of supervision. At the time of release, Respondents must return all of Petitioner's documents and possessions. **Respondents must file a notice certifying compliance with this provision of the Court's Order within two (2) court days from the date of this Order.**

2. Respondents are ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner unless circumstances materially change or until they can execute Petitioner's order of removal. Respondents must follow all procedures set forth in 8 C.F.R. §§ 241.4(l) and 241.13(i), and any other applicable statutory and regulatory procedures to revoke an order of supervision.

3. **The Clerk of Court is directed to serve Mesa Verde Detention Facility with a copy of this Order.**

4. The Clerk of Court shall enter judgment in favor of Petitioner and close this case.

IT IS SO ORDERED.

Date: August 17, 2026

TROY L. NUNLEY
CHIEF UNITED STATES DISTRICT JUDGE